1  JENNIFER ROBINSON, Bar No. 148333
   jenrobinson@littler.com
2  LITTLER MENDELSON, P.C.
   333 Commerce Street, Suite 1450
3  Nashville, TN 37201
   Telephone: 615.383.3033
4  Facsimile: 615.383.3323

5  LENA K. SIMS, Bar No. 212904
   LITTLER MENDELSON, P.C.
6  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
7  Telephone: 619.232.0441
   Fax No.: 619.232.4302
8

9  Attorneys for Defendants
   THE COCA-COLA COMPANY AND COCA-
10 COLA REFRESHMENTS USA, INC.

11                    UNITED STATES DISTRICT COURT
12                   SOUTHERN DISTRICT OF CALIFORNIA
13

| GARY KILBOURNE, on behalf of himself and all others similarly situated, and on behalf of the general public, | Case No. **'14CV0984 MMA NLS** |
|---|---|
| | (San Diego Superior Court Case No. 37-2014-0007465-CU-OE-CTL) |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC., and DOES 1-100, | |
| Defendants. | Complaint filed: March 20, 2014 |

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants THE COCA-COLA COMPANY and COCA-COLA REFRESHMENTS USA, INC. ("Defendants"), contemporaneously with the filing of this Notice, hereby effect removal of the below-referenced action from the Superior Court in the State of California for the County of San Diego to the United States District Court for the Southern District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act).

## I.   PROCEDURAL BACKGROUND

1.   On March 20, 2014, Plaintiff Gary Kilbourne ("Plaintiff") filed a class action complaint in the Superior Court for the County of San Diego entitled *GARY KILBOURNE, on behalf of himself and all others similarly situated, and on behalf of the general public v. THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC., and DOES 1-100,* Case No. 37-2014-00007465-CU-OE-CTL (the "Complaint").

2.   Plaintiff asserts the following causes of action in his Complaint: (1) Wage Theft/Time Shaving; (2) Failure to Pay Overtime; (3) Failure to provide meal periods (Lab. Code §§ 226.7, 512; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001 (11); Cal. Code Regs, Title 8, § 11090); (4) Failure to authorize and permit periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001 (12); Cal. Code Regs. Title 8, 11090); (5) Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1775); (6) Conversion; (7) Fraud; (8) Unjust enrichment; (9) Waiting time penalties; and (10) Violation of unfair competition law (Bus. & Prof. Code § 17200, et seq.).

3.   Defendant Coca-Cola Refreshments USA, Inc. ("CCR") was served on March 21, 2014 with the Complaint and accompanying pleadings, process

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

and orders, true and correct copies of which are attached as **Exhibit A** and include the following: Notice of Service of Process, Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference on Mandatory e-File Case, Alternative Dispute Resolution in Civil Cases, ADR Information Form and Stipulation to Use Alternative Dispute Resolution.

4. Defendant The Coca-Cola Company ("KO") was served on March 24, 2014 with the Complaint and accompanying pleadings, process and orders, true and correct copies of which are attached as **Exhibit B** and include the following: Notice of Service of Process, Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference on Mandatory e-File Case, Alternative Dispute Resolution in Civil Cases, ADR Information Form and Stipulation to Use Alternative Dispute Resolution.

5. Defendant Coca-Cola Enterprises, Inc. has not been served.

## II. REMOVAL PROCEDURE

### A. Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days.

6. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(a), (b). Removal of this action is timely because this Notice has been filed within thirty days from March 21, 2014, when CCR was served with the Complaint and first became aware that the action was removable. *See* 28 U.S.C. § 1446(b).

### B. Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.

7. Venue is proper in this Court pursuant to 28 U.S.C. section 1446 because this action was originally filed in San Diego County Superior Court, located within the District and Division of the Court. Venue of this action is also proper

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     2.

1  pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a
2  judicial district where a substantial part of the event or omissions giving rise to the
3  claim occurred.  *See* 28 U.S.C. § 1391(a).

## III. REMOVAL JURISDICTION

### A. CAFA Jurisdiction Exists Because The Action Is Between Diverse Parties, With More Than 100 Putative Class Members, And Concerns A Controversy That Exceeds $5 Million.

8.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because (1) at least one member (if not all) of Plaintiff's putative class is a citizen of a state different from CCR and KO; (2) it is a class action filed on behalf of more than 100 putative class members; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

#### 1. Diversity Exists Because Plaintiff Is A California Citizen And CCR and KO Are Incorporated And Have Their Principal Places Of Business Outside Of California.

9.   CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

10.  Plaintiff alleges that he is a resident of California and was employed by Defendant in California.  *See* Complaint ¶ 22.  He therefore was and is a resident and citizen of the State of California.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("place of residence is *prima facie* the domicile"); *Gutterman v. Wachovia Mortgage*, 2011 U.S. Dist. LEXIS 74521, at *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011)(same).

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     3.

11. Defendants CCR and KO are each incorporated under the laws of the State of Delaware and are each headquartered in the State of Georgia. *See* Declaration of Gloria Bowden ("Bowden Decl."), *passim*. Each of them is therefore a citizen of the State of Delaware and the State of Georgia. *See* 28 U.S.C. § 1332(c)(1).

12. Defendants Does 1 through 100 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-91 (9th Cir. 1998).

13. This action thus satisfies the CAFA diversity requirements because Plaintiff is a citizen of the State of California and CCR and KO are each citizens of the States of Delaware and Georgia. *See* 28 U.S.C. § 1332(d)(2)(A).

**2.     Plaintiff Alleges Claims On Behalf Of More Than 100 Putative Class Members.**

14. The CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

15. Plaintiff alleges that his claims are brought on behalf of "thousands of employees, all in the State of California, in positions as Defendants' and/or DOES' Non-Exempt Employees in San Diego County and dispersed throughout California during the liability period . . . ." *See* Complaint ¶ 33. In fact, approximately 1,895 non-exempt employees were employed in California and were separated from employment between April 20, 2011 and March 19, 2014. *See* Declaration of Craig Matsuda ("Matsuda Decl.") ¶ 3.

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION     4.

### 3. The Amount In Controversy Is Over $5 Million Based On The Statutory Penalties Sought By Plaintiff.

16. CCR and KO deny the validity and merit of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, assuming Plaintiff's claims to be true for purposes of this removal only, Plaintiff seeks monetary relief exceeding the CAFA jurisdictional minimum.

17. The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

18. Plaintiff's ninth cause of action alleges a claim for waiting time penalties (violation of Labor Code sections 201 and 202 and penalties pursuant to Labor Code section 203). Plaintiff alleges this cause of action on behalf of himself and employees who "are no longer employed by Defendants and/or DOES" because "[t]hey were either fired or quit Defendants' and/or DOES' employ." *See* Complaint ¶ 126. Plaintiff alleges a willful failure to pay wages upon termination and claims an entitlement to penalties under Labor Code section 203.

19. Labor Code section 203 provides in relevant part that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 . . . [or] 202 . . . , any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION        5.

20. Plaintiff also alleges that waiting time penalties are owed derivative of Plaintiffs claims for wage theft/time shaving, failure to pay overtime, failure to provide meal periods, failure to authorize and permit rest periods: "Defendants and/or DOES did not pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period premiums, and/or rest period premiums owed at the time of termination." *See* Complaint ¶ 126. Plaintiff alleges that he "and all employees, including but not limited to, hourly workers not classified as 'Exempt'" were not provided with meal or rest periods and were not paid all wages owed as a result of having time automatically deducted for meal breaks that they did not take. *See e.g.*, Complaint ¶¶ 1, 7. Assuming as true Plaintiff's claim that he and all employees are owed wages which were not paid upon separation from employment, those employees may receive a day's wages for every day that they were not paid all wages owed for a maximum of thirty days.

21. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389 (2010). Approximately 1,895 non-exempt employees were employed in California and were separated from employment between April 20, 2011 and March 19, 2014. They earned an average of $137.07 per workday at separation. *See* Matsuda Decl. ¶ 3. The amount in controversy for this claim is therefore **$7,792,430** (30 days x $137.07 x 1,895). This sum undervalues the amount in controversy because it includes waiting time penalties only for employees who could receive the penalties for the maximum 30 days allowed by Labor Code section 203.

22. This sum also undervalues the amount in controversy because it does not include any sums for Plaintiffs remaining causes of action, including his claims for failure to provide meal and rest periods, wage theft/time shaving, failure to pay overtime wages, failure to comply with itemized wage statement provisions of the Labor Code, conversion, and fraud.

///

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

6.

23.     This sum also undervalues the amount in controversy because Plaintiff alleges a claim for violation of California Business and Professions Code sections 17200 *et seq.*, for which he seeks injunctive relief.  *See* Complaint ¶¶ 136-138, Prayer for Relief ¶ 9.  The value of any injunctive relief sought is properly included in the amount in controversy.  *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001).

24.     This sum also undervalues the amount in controversy because it does not include the attorneys' fees and costs alleged in the Complaint.  *See* Prayer for Relief ¶ 12.  In determining whether a complaint meets the amount in controversy requirement, a court should also consider attorneys' fees.  *See, e.g.*, *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).

25.     Removal of this action is therefore proper as Plaintiff's claims for waiting time penalties alone and without consideration of the amount in controversy for Plaintiffs' remaining claims for unpaid wages and penalties, the value of the alleged injunctive relief, or the value of the alleged attorneys' fees and costs, is in excess of the CAFA jurisdictional requirement of $5 million.  *See* 28 U.S.C. § 1332(d)(2).

## IV.     NOTICE TO PLAINTIFF AND THE STATE COURT

26.     Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record William Turley, Esq. and David Mara, Esq. of The Turley Law Firm, APLC, 625 Broadway, Suite 635, San Diego, California  92101.

27.     A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Diego, California.

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

7.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Diego to this Court to this Court.

Dated:   April  18, 2014

/s/  Lena K. Sims
LENA K. SIMS
LITTLER MENDELSON, P.C.
Attorneys for Defendants
THE COCA-COLA COMPANY AND
COCA-COLA REFRESHMENTS
USA, INC.

Firmwide:126169898.1 074184.1073

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION      8.