# GARY KILBOURNE v. THE COCA-COLA COMPANY, et al.
## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

### INDEX OF EXHIBITS TO
### DEFENDANTS' NOTICE OF REMOVAL

| EXHIBIT NO. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| **Exhibit A** | Notice of Service of Process, Civil Cover Sheet, Notice of Case Assignment and Case Management Conference on Mandatory eFile Case, Alternative Dispute Resolution in Civil Cases, ADR Information Form, Stipulation to Use Alternative Dispute Resolution (ADR), Summons, Complaint | Pages 1-40 |
| **Exhibit B** | Notice of Service of Process, Civil Cover Sheet, Notice of Case Assignment and Case Management Conference on Mandatory eFile Case, Alternative Dispute Resolution in Civil Cases, ADR Information Form, Stipulation and Use Alternative Dispute Resolution (ADR), Summons, Complaint | Pages 41-80 |

Firmwide:126409374.1 074184.1073

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**CB5 / ALL**
**Transmittal Number: 12337573**
**Date Processed: 03/24/2014**

| | |
|---|---|
| Primary Contact: | Janel McCurrie |
| | Coca-Cola Refreshments Inc. |
| | One Coca-Cola Plaza |
| | The Coca-Cola Company, Legal Department |
| | Atlanta, GA 30313 |

| | |
|---|---|
| **Entity:** | Coca-Cola Refreshments USA, Inc. |
| | Entity ID Number  1683019 |
| **Entity Served:** | Coca-Cola Refreshments USA, Inc. |
| **Title of Action:** | Gary Kilbourne on behalf of himself and all others similarly situated and on behalf of the general public vs. The Coca-Cola Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2014-00007465-CU-OE-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/21/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | William Turley |
| | 619-234-2833 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT A**
**Page 1**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>William Turley, Esq. (SBN 122408); David Mara, Esq. (SBN 230498)<br>The Turley Law Firm, APLC<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 234-2833   FAX NO.: (619)234-4048<br>ATTORNEY FOR *(Name):* Plaintiffs Ronald Young | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/20/2014** at 10:51:46 AM<br><br>Clerk of the Superior Court<br>By Alicia Fletes,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Gary Kilbourne v The Coca-Cola Company, et al., and DOES 1-100

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER:<br>37-2014-00007465-CU-OE-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Timothy Taylor<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
           issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary    b.[✓] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19 2014
William Turley, Esq.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT A**
**Page 2**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A**
**Page 3**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

PLAINTIFF(S) / PETITIONER(S):   Gary Kilbourne

DEFENDANT(S) / RESPONDENT(S):   The Coca-Cola Company et.al.

GARY KILBOURNE VS THE COCA-COLA COMPANY [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2014-00007465-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   Timothy Taylor                                      Department: C-72

**COMPLAINT/PETITION FILED: 03/20/2014**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/22/2014 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

**EXHIBIT A**
**Page 4**

# ALTERNATIVE DISPUTE RESOLUTION
## IN CIVIL CASES



**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection</u>: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**EXHIBIT A**
**Page 6**

NAME OF COURT: _____

# *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*  ▶

1. Case name: _____ No. _____

2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____

3. Date complaint filed _____ Date case resolved _____

4. Date of ADR conference _____   5. Number of parties _____

6. Amount in controversy  ☐ $0–$25,000  ☐ $25,000–$50,000  ☐ $50,000–$100,000  ☐ over $100,000 *(specify):*_____

7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| NAME | NAME |
|---|---|
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney        ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney    ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the additional cost:

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

Form Adopted by the
Judicial Council of California
ADR-101 [New March 1, 1994]        **ADR INFORMATION FORM**

**EXHIBIT A**
**Page 7**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | *FOR COURT USE ONLY* |
| PLAINTIFF(S) | ASSIGNED JUDGE |
| DEFENDANT(S) | DEPT |
| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | SUPERIOR COURT CASE NUMBER |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)   ☐ Non-binding private arbitration
☐ Mediation (private)   ☐ Binding private arbitration
☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
☐ Neutral evaluation (private)   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other *(specify e.g., private mini-trial, private judge, etc.)*: _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____   Date: _____

_____   _____
Name of Plaintiff   Name of Defendant

_____   _____
Signature   Signature

_____   _____
Name of Plaintiff's Attorney   Name of Defendant's Attorney

_____   _____
Signature   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Date: _____   _____
Judge of the Superior Court

| | | |
|---|---|---|
| SDSC CIV-359 (Rev. 12/10) | **STIPULATION TO USE<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)** | Cal. Rules of Court, rule 3.1385 |

**EXHIBIT A**
**Page 8**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Coca-Cola Company; Coca-Cola Refreshments USA, Inc.;
Coca-Cola Enterprises, Inc., and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gary Kilbourne, on behalf of himself and all others similarly situated,
and on behalf of the general public

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/20/2014** at 10:51:45 AM

Clerk of the Superior Court
By Alicia Fletes, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): San Diego<br>330 West Broadway, San Diego, CA 92101 | (Número del Caso):<br>37-2014-00007465-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley Law Firm, APLC, 625 Broadway, Suite 635, San Diego, CA 92101

| DATE: 03/20/2014<br>(Fecha) | Clerk, by<br>(Secretario) | A. Fletes<br>A. Fletes | , Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Coca-Cola Refreshments USA, Inc.

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
**Page 9**

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  **THE TURLEY LAW FIRM, APLC**
   625 Broadway ,Suite 635
3  San Diego, California 92101
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

5

6  **Attorneys for Plaintiff GARY KILBOURNE**
   on behalf of himself and all others similarly
7  situated, and on behalf of the general public

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SAN DIEGO**

10 GARY KILBOURNE, on behalf of          Case No.   37-2014-00007465-CU-OE-CTL
   himself and all others similarly situated,
11 and on behalf of the general public    **CLASS ACTION COMPLAINT FOR**
                                           **DAMAGES, INJUNCTIVE RELIEF,**
12                                         **DECLARATORY RELIEF, AND**
              Plaintiff,                   **RESTITUTION**
13
   v.                                      1)  Wage Theft/Time Shaving
14                                         2)  Failure to Pay Overtime
   THE COCA-COLA COMPANY; COCA-           3)  Failure to provide meal periods (Lab.
15 COLA REFRESHMENTS USA, INC.;               Code §§ 226.7, 512; IWC Wage Order
   COCA-COLA ENTERPRISES, INC.,              Nos. 9-1998, 9-2000, 9-2001 (11); Cal.
16                                             Code Regs. Title 8, § 11090);
   and DOES 1-100                         4)  Failure to authorize and permit periods
17                                             (Lab. Code § 226.7; IWC Wage Order
                                              Nos. 9-1998, 9-2000, 9-2001(12); Cal.
18            Defendants.                      Code Regs. Title 8, §11090);
                                           5)  Knowing and intentional failure to
19                                             comply with itemized employee wage
                                              statement provisions (Lab. Code §§ 226,
20                                             1174, 1175);
                                           6)  Conversion;
21                                         7)  Fraud;
                                           8)  Unjust enrichment;
22                                         9)  Waiting time penalties;
                                           10) Violation of unfair competition law
23                                             (Bus. & Prof. Code § 17200, et seq.).
                                           **DEMAND FOR JURY TRIAL**
24

25      Plaintiff GARY KILBOURNE, on behalf of himself and all others similarly situated, and

26 on  behalf of the general public, complains of Defendants and/or DOES and for causes of action

27 and alleges:

28

- 1 -

**EXHIBIT A**
**Page 10**

1.    This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff GARY KILBOURNE and all employees, including but not limited to, hourly workers not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities (hereinafter "Non-Exempt Employees") employed by, or formerly employed by, THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.; and/or subsidiaries or affiliated companies and/or DOES, within the State of California.

2.    At all times mentioned herein, the common policies and practices of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code as set forth more fully within.

3.    For at least four years prior to the filing of this action and through to present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws and automatically deducting a half hours pay from their wages.

4.    For at least four years prior to filing of this action and through the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of 10 or more hours in a day to take a second meal period of not less than thirty minutes as required by the applicable Wage Order of the Industrial Welfare Commission.

5.    For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES have had a consistent policy of requiring Non-

**EXHIBIT A**
**Page 11**

Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

6.    For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.   and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

7.    For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.   and/or DOES have had a continuous policy of "time shaving" or not paying Plaintiff and those similarly situated for all their hours worked.  Specifically, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.   and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for a thirty minute meal periods (hereby referred to as "auto-meal deduct"), thereby deducting 30 minutes of paid time, including straight time and overtime, even though Plaintiff and those similarly situated worked through their meal periods, were not relieved of all duties, were not relinquished control over their activities,  were not permitted a reasonable opportunity to take an uninterrupted 30-minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break.

8.    For at least four years prior to filing this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

- 3 -

**EXHIBIT A**
**Page 12**

ENTERPRISES, INC. and/or DOES have knowingly and intentionally failed to comply with the itemized employee wage statement provisions and have failed to pay Plaintiff and those similarly situated compensation for said violations as required by California's state wage and hour laws.

9.    For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES have wrongfully converted Plaintiff's and those similarly situated Class members' wages and/or monies to their own use.

10.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

11.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated the wages they are owed.

12.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Plaintiff and members of the Class who left Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES's employ or who were terminated.

13.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES, by failing to lawfully pay Plaintiff and those

- 4 -

EXHIBIT A
Page 13

similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

14. Plaintiff GARY KILBOURNE, on behalf of himself and all Class Members, brings this action pursuant to Labor Code sections 226, subdivision (b), 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages and overtime, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

15. Plaintiff GARY KILBOURNE, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, and restitution, from Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES for their failure to pay straight time and overtime wages and rest and meal period compensation.

16. Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites and, at all times during the liability period, have conducted business in SAN DIEGO County and elsewhere within California. At these work sites and throughout California, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES have, among other things, employed persons as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers.

17. THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES' business is staffed, inter alia, by hourly Non-Exempt Employees such as industrial truck workers, front office people, industrial vehicle workers, and/or industrial workers and/or other hourly Non-Exempt Employees. THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES' employees have not been paid during the liability

- 5 -

**EXHIBIT A**
**Page 14**

period all their straight time and overtime wages and rest and meal period compensation. Plaintiff is informed and believes, and based thereon alleges, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES currently employ many employees in the State of California as Non-Exempt Employees.

18.   During the liability period, named Plaintiff and members of the Plaintiff Class were employed by Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES as Non-Exempt Employees and were paid on an hourly basis. Plaintiff and the members of the Plaintiff Class of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt Employees were not provided all straight time and overtime wages owed and rest or meal periods or compensation in lieu thereof as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

19.   Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES are and were aware that the THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt Employees were not paid all straight time and overtime wages owed nor provided rest and meal periods. Defendants' and/or DOES' denial of wages and other compensation due to Plaintiff and members of the Plaintiff Class in the position of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt Employees was willful and deliberate.

20.   Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES willfully failed to pay the straight time and overtime wages owed and rest and meal period wages of former THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt Employees, including members of Plaintiff Class, when each such

- 6 -

**EXHIBIT A**
**Page 15**

employee quit or was discharged.

## I. VENUE

21.   Venue as to each Defendant THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES operate industrial facilities and employ hourly employees, conduct business, and commit Labor Code violations within SAN DIEGO County and California, and each Defendant and/or DOE is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within SAN DIEGO County, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES employ numerous Class Members in California and/or SAN DIEGO County.

## II. PARTIES

### A.   Plaintiff.

22.   Plaintiff GARY KILBOURNE is a resident of California, at all relevant times herein he was employed by Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES within the last four years as an industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial worker in California. Mr. KILBOURNE was employed in a non-exempt capacity as an hourly industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial worker.

23.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES' common company policies of failing to pay all straight time and overtime wages owed, auto-meal deduct, and providing no rest

- 7 -

periods and no meal periods to employees working at least five hours or any additional meal periods for working in excess of 10 hours, or compensation in lieu thereof.  On information and belief, Defendants and/or DOES willfully failed to pay their employees and members of the Plaintiff Class in a timely manner compensation owing to them upon termination of their employment with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES.

**B.**     **Defendants**.

24.     Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES are engaged in the ownership and operation of industrial vehicles and industrial work sites located within SAN DIEGO County, and throughout the State of California.  During the liability period, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES employed Plaintiff and similarly situated persons as THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.   Non-Exempt Employees within California.  On information and belief, each of the Defendants and/or DOES is conducting business in California.

25.     Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES are engaged in the ownership and operation of industrial vehicles and industrial work sites located within SAN DIEGO County, and throughout the State of California.  During the liability period, Defendants and/or DOES employed Plaintiff and similarly situated persons as THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.   Non-Exempt Employees within California.

26.     THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES' principal place of business is in the State of California.

27.     THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

- 8 -

COLA ENTERPRISES, INC.  and/or DOES have numerous offices and/or contracts in the State of California.

28.   California is the nerve center of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.   and/or DOES operations.

29.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

30.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant and/or DOE are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

31.   Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, truck drivers, drivers, hourly workers, or similar job designations and titles, during the period of the relevant statute of limitations.

- 9 -

EXHIBIT A
Page 18

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers,  truck drivers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations, who were not paid all straight time wages and overtime.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations, who were subject to auto-meal deduct, when they were not relieved of all duties.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations who have not been authorized and permitted to take a rest period for every four hours or major fraction thereof worked per day and were not provided compensation of one hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers, or similar job designations and titles, during the period of the relevant statute of limitations who have worked five and/or ten hours without being provided a meal period and/or additional meal period and were not provided compensation of one hour's pay or other compensation for each day on which such

- 10 -

meal period was not provided.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee, industrial truck workers, drivers or similar job designations and titles, during the period of the relevant statute of limitations who Defendants and/or DOES willfully failed to pay in a timely manner compensation owing to them upon termination of their employment with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES.

Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

32. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.   **Numerosity.**

33. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants and/or DOES currently employ, and during the relevant time periods employed, thousands of employees, all in the State of California, in positions as Defendants' and/or DOES' Non-Exempt Employees in SAN DIEGO County and dispersed throughout California during the liability period and who are or have been affected by Defendants' and/or DOES' policies of shaving time, failing to pay all straight time and overtime wages, not providing meal periods or providing them more than five hours into an employee's shift, not authorizing and permitting rest periods without the appropriate legal compensation and not timely paying waiting time monies.

34. Accounting for employee turnover during the relevant periods necessarily increases this

- 11 -

**EXHIBIT A**
**Page 20**

number substantially.  Upon information and belief, Plaintiff alleges Defendants' and/or DOES' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.**     **Commonality**.

35.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

> (1)     Whether Defendants and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide  rest periods to employees  for every four hours or major fraction thereof worked and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

> (2)     Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

> (3)     Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30 minute meal period and not counting the time as time worked.

> (4)     Whether Defendants' and/or DOES' uniform policies of establishing and

- 12 -

**EXHIBIT A**
**Page 21**

scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt hourly industrial truck workers to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(5)   Whether Defendants and/or DOES had a pattern and practice of pressuring its hourly Non-Exempt industrial truck workers to complete routes within time frames that made it impractical for THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt drivers to be relieved of all duty for 30 minute meal periods and/or 10 minute rest periods.

(6)   Whether the in existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt industrial truck workers not being provided a second meal period in accordance with the Labor Code and Wage Orders.

(7)   Whether the in existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt industrial truck workers not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the Labor Code and Wage Orders.

(8)   Whether Defendant's and/or DOES' uniform policy of automatically deducting thirty (30) minutes from its Non-Exempt industrial truck workers for each day worked - regardless of whether the Non-Exempt industrial truck workers were relieved of duty for thirty (30) minutes - violated the Labor Code and Wage Orders.

- 13 -

(9)    Whether Defendants and/or DOES violated section 226 of the Labor Code and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)© by knowingly and intentionally failing to, among other violations, accurately report compensation owed for rest and meal period violations.

(10)    Whether Defendants and/or DOES wrongly converted Plaintiff's and Class members' wages and/or monies to their own use.

(11)    Whether Defendants and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

(12)    Whether Defendants and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated wages they are owed.

(13)    Whether Defendants and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the Class who left Defendants' and/or DOES' employ or who were terminated.

(14)    Whether Defendants and/or DOES violated section 17200, et seq. of the California Business and Professions Code by shaving time, failing to pay all wages and overtime, and failing to provide rest and meal periods without compensating Non-Exempt Employees one hour's pay for every day such periods were not provided, and failing to keep accurate records of Class Members' compensation owed.

(15)    Whether Defendants and/or DOES violated Labor Code sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

- 14 -

(16) Whether Defendants and/or DOES violated Labor Code Labor Code Section 203 which provides for the assessment of a penalty against the employer when there is a willful failure to pay wages due the employee at conclusion of the employment relationship.

(17) Whether Defendants and/or DOES policy of deducting a half hours pay regardless of whether the employee was actually provided a legally compliant meal period is illegal.

**C.    Typicality.**

36.    The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

**D.    Adequacy of Representation.**

37.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.    Superiority of Class Action.**

38.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' illegal policy and/or practice of failing to pay all straight time and overtime wages owed, not providing meal periods, denying Class Members proper rest and meal periods without legal compensation, requiring employees to work in excess of ten hours per day without additional meal periods, and not compensating members of the Class for all time worked.

- 15 -

**EXHIBIT A**
**Page 24**

39.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.  CAUSES OF ACTION.

**First cause of action against all Defendants and/or DOES: Wage-Theft/ Time-Shaving.**

40.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

41.   Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous policy of clocking-out Plaintiffs and those similarly situated out for a thirty minute meal period, even though Plaintiffs and all members of the Class work through their meal periods.

42.   Thus, Defendants and/or DOES shave/ steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time deducted.

43.   Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken. Defendants and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties. Defendants and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members. Defendants and/or DOES, without a reasonable basis, presumed that actual reported

- 16 -

**EXHIBIT A**
**Page 25**

1    hours had not been accurately reported.  The conduct complained of is a form of what is

2    sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.  Defendants

3    and/or DOES also failed to pay for the overtime that was due pursuant to Labor Code sections

4    510 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

5    44.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct

6          result of the systematic deductions in pay, resulting from application of an automatic computer

7          program and overtime, Plaintiff and the Class members have suffered, and continue to suffer,

8          substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees

9          in seeking to compel Defendants and/or DOES to fully perform their obligations under state

10         law, all to their respective damage in amounts according to proof at time of trial.  Defendants

11         and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful

12         and deliberate intention on injuring Plaintiff and the Class members.  Defendants and/or

13         DOES acted with malice or in conscious disregard of Plaintiff's and the Class members'

14         rights.  Plaintiff and the Class members are thus entitled to recover nominal, actual,

15         compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

16         Plaintiffs are also entitled to any penalties allowed by law.

17   45.   As a direct result of Defendants' and/or DOES' policy of illegal time shaving/ wage theft,

18         Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

19

20   **Second cause of action against all Defendants and/or DOES: Failure to pay overtime**

21   46.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and

22         every other paragraph in this Complaint herein as if fully plead.

23   47.   It is fundamental that an employer must pay its employees for the time worked.  California

24         Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.  Labor

25         Code section 222 prohibits the withholding on part of a wage.  Labor Code section 223

26         prohibits the pay of less that a statutory or contractual wage scale.  Labor Code section 1197

27         prohibits the payment of less than the minimum wage.  Labor Code section 224 only permits

28         deductions from wages when the employer is required or empowered to do so by state or

                                              - 17 -

1  federal law or when the deduction is expressly authorized in writing by the employee for
2  specified purposes that do not have the effect of reducing the agreed upon wage.

3  48.  Defendants failed to pay overtime when employees worked over 8 hours a day and when
4  employees worked over 40 hours a week.

5  49.  Plaintiff and those similarly situated Class members were employed by THE COCA-COLA
6  COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES,
7  INC.   and/or DOES at all relevant times.  Defendants and/or DOES were required to
8  compensate Plaintiffs for all hours worked and were prohibited from making deductions that
9  had the effect of reducing the agreed upon wage.
10

11  50.  Plaintiff and those similarly situated Class members are informed and believe and thereon
12  allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by
13  automatically deducting a portion of the wages earned when Plaintiff's and the Class
14  members' actual time records indicated that a meal period was not taken.  Defendants and/or
15  DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class
16  members, deducting a portion of the hours shown as worked hours when a meal period and/or
17  rest period was not taken during the work day.  Defendants and/or DOES did not make
18  reasonable efforts to determine whether the time deducted was actually worked as reported by
19  Plaintiff and the Class members.  Defendants and/or DOES, without a reasonable basis,
20  presumed that actual reported hours had not been accurately reported.   The conduct
21  complained of is a form of what is sometimes called "dinging" and is prohibited by law.
22  Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Industrial
23  Welfare Commission Order No. 9-2001, item 3(A).

24  51.  Plaintiff and the Class members are informed and believe and thereon allege that as a direct
25  result of the systematic deductions in pay, resulting from application of an automatic computer
26  program and overtime, Plaintiff and the Class members have suffered, and continue to suffer,
27  substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees
28  in seeking to compel Defendants and/or DOES to fully perform their obligations under state

- 18 -

**EXHIBIT A**
**Page 27**

law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

**Third cause of action against all Defendants and/or DOES: Failure to provide meal periods or pay compensation in lieu thereof. (Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

52.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

53.    Under California Labor Code, section 512, and Industrial Welfare Commission Wage Order No.9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

54.    In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

55.    Under California Labor Code, section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56.    Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five consecutive hours. As

- 19 -

such, Defendants' and/or DOES' Non-Exempt Employees were required to work well over five consecutive hours at a time without being provided a 30 minute, uninterrupted meal period within that time.

57.   Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees for every five continuous hours its Non-Exempt Employees worked.

58.   Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route. The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to eat their meals while driving and/or while working their routes.

59.   Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

60.   Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

61.   Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's those similarly situated's rights to meal and rest periods.

62.   Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.

63.   Based on Defendants' and/or DOES' demanding route completion time policies, Plaintiff and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

- 20 -

**EXHIBIT A**
**Page 29**

64.  Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

65.  Defendants and/or DOES thereby failed to provide an additional 30 minute uninterrupted meal period for employees on days where they worked in excess of ten hours.

66.  Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 9.

67.  As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001.  Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take meal periods through mutual consent with Defendants and/or DOES.

68.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fourth cause of action against all Defendants and/or DOES: Failure to authorize and permit rest periods or pay compensation in lieu thereof (Lab. Code § 226.7; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

69.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

70.  Defendants and/or DOES failed to authorize and permit its Non-Exempt Employees to take 10 minute rest periods per every four hours worked or major fraction thereof.

71.  Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route.  The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to work through their rest periods.

72.  Throughout the statutory period, Defendants and/or DOES had a pattern and practice of

- 21 -

**EXHIBIT A**
**Page 30**

assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

73. Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

74. Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

75. Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. .

76. Based on Defendants' and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

77. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take an additional rest period in shifts exceeding 10 hours in a day.

78. Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten minute rest period when working in excess of 10 hours a day.

79. By its failure to authorize and permit its Non-Exempt Employees to take rest periods for every four hours or major fraction thereof worked per day, Defendants and/or DOES willfully violated provisions of Labor Code section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take rest periods through mutual consent with Defendants and/or DOES.

80. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks

- 22 -

**EXHIBIT A**
**Page 31**

to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders 9-1998, 9-2000, 9-2001.

81.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below

**Fifth cause of action against all Defendants and/or DOES: Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

82.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

83.   Section 226, subdivision (a), of the California Labor Code requires Defendants and/or DOES to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class.  Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

84.   Section 1174 of the California Labor Code requires Defendants and/or DOES to maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees.  Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174.  The failure of Defendants and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

85.   Defendants and/or DOES failed to maintain time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7) and 9-1998(7) - showing, among other things, when the employee begins and ends each work period, meal period, and total daily hours worked in itemized wage statements, and all deductions from payment of wages, and to accurately report total hours worked by Plaintiff and the members of the proposed Class.

- 23 -

86.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Sixth cause of action against all Defendants and/or DOES: Conversion.**

87.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

88.    At all times mentioned herein, Plaintiff and the Class he seeks to represent had an ownership interest in the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

89.    Defendants and/or DOES never paid Plaintiff and the Class he seeks to represent the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

90.    At all times mentioned herein, Plaintiff and the Class he seeks to represent, never consented to Defendants and/or DOES taking said wages owed to Plaintiff and the Class he seeks to represent.

91.    At all times mentioned herein, Plaintiff and the Class he seeks to represent, were harmed by Defendants' and/or DOES' failure to pay wages owed to Plaintiff and the Class he seeks to represent.

92.    At all times mentioned herein, Defendants and DOES and each of them wrongfully converted such wages and/or monies to their own use.

93.    At all times mentioned herein, Defendants' and DOES' policies and practices resulted in the conversion of Plaintiff's wages and those similarly situated.

94.    Such conversion was wrongful because such wages belonged to the employees.

95.    At all times mentioned herein, Defendants and/or DOES fully realized what they were doing. They fully realized that they were stealing money from Plaintiff and those similarly situated.

96.    Defendant and/or DOES fully realized that Plaintiffs and those similarly situated were unsophisticated and not likely to appreciate, understand and/or comprehend that Defendants

- 24 -

**EXHIBIT A**
**Page 33**

and/or DOES were wrongfully converting, taking and/or stealing their wages.

97.   At all times mentioned herein, Defendants and/or DOES fully realized that Plaintiffs and those similarly situated were in a relatively disadvantaged situation.  Defendants and/or DOES preyed on Plaintiff and those similarly situated because Plaintiff and those similarly situated were economically disadvantaged.

98.   At all times mentioned herein, said violations were conscious, deliberate, intentional and/or malicious.

99.   At all times mentioned herein, said conversion was conscious, deliberate, intentional and/or malicious.

100.   At all times mentioned herein, Defendants and/or DOES and/or persons acting on their behalf knew that they could take advantage of these workers' rights because they knew they could prey on the relative un-sophistication of the workers.

101.   Plaintiff and most of the Class he proposes to represent are not well educated, have little sophistication with the law - including the California Labor Code.

102.   At all times mentioned herein, the acts, omissions and/or conduct on the part of Defendants and/or DOES and/or persons acting on their behalf was downright malice.

103.   At all times mentioned herein, Defendants and/or DOES and/or persons acting on their behalf fully realized that they were stealing the money from innocent and relatively helpless workers.

104.   As a direct result of Defendants and/or DOES conversion; Plaintiff and those similarly situated were damaged in an amount to be proven at time of trial.

105.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Seventh cause of action against all Defendants and/or DOES: Fraud.**

106.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

107.   At all times mentioned herein, Defendant and/or DOES had a pattern and practice of

- 25 -

fraudulently altering Plaintiff's and other similarly situated employees' time records and/or wage records in order for Defendants and/or DOES to not have to pay the wages to Plaintiff and those similarly situated.

108.   Defendant and/or DOES promised Plaintiff and the Class he seeks to represent to pay Plaintiff and the Class he seeks to represent all wages earned, which includes, but is not limited to, wages earned from not being provided meal periods in accordance with the applicable California law and wages earned from not being authorized and permitted to take rest periods in accordance with the applicable California law.

109.   At all times mentioned herein, Defendants and/or DOES knew that they would deprive Plaintiff and the Class he seeks to represent wages owed for unprovided meal periods and non-authorized and permitted rest periods.

110.   At all times mentioned herein, Defendants and/or DOES falsely promised Plaintiff and the Class he seeks to represent that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

111.   At all times mentioned herein, Plaintiff and the Class he seeks to represent justifiably relied on Defendants' and/or DOES' promises that all wages would be paid.

112.   As a result of this justifiable reliance on Defendants' and/or DOES' fraudulent promises, Plaintiff and the Class worked through meal periods and rest periods and suffered damages and/or lost wages in an amount to be proven at the time of trial in not being properly compensated.

113.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Eighth cause of action against all Defendants and/or DOES: Unjust enrichment.**

114.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

115.   At all times mentioned herein, there was an unjust benefit to Defendants and/or DOES due to

- 26 -

**EXHIBIT A
Page 35**

Defendants' and/or DOES' actions in wrongfully and unlawfully failing to pay Plaintiff and the Class he seeks to represent wages owed.

116. At all times mentioned herein, Defendants and/or DOES were under a duty to follow the wage and hour laws in regards to Defendants' and/or DOES' California employees.

117. At all times mentioned herein, Defendants and/or DOES wrongfully invaded the rights of Plaintiff and others similarly situated.

118. At all times mentioned herein, there was an unjust retention of Plaintiff's and others similarly situated's wages.

119. At all times mentioned herein, Defendants and/or DOES were in receipt of wages and/or monies which belonged to Plaintiff and those similarly situated.

120. At all times mentioned herein, Defendants and/or DOES breached their duty to follow California's wage and hour laws in regards to their California employees.

121. At all times mentioned herein, said unjust enrichment was conscious, deliberate, intentional and/or malicious.

122. As a direct result of Defendants' and/or DOES' breach of California's wage and hour laws; Plaintiff and those similarly situated suffered damage.

123. As a direct result of Defendants' and/or DOES' unjust conversion; Plaintiffs and those similarly situated were damaged in an amount to be proven at time of trial.

124. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Ninth cause of action against all Defendants and/or DOES: Waiting time penalties under Labor Code section 203.**

125. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

126. Numerous members of the Class are no longer employed by Defendants and/or DOES. They were either fired or quit Defendants' and/or DOES' employ. Defendants and/or DOES did not

- 27 -

**EXHIBIT A**
**Page 36**

1   pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period

2   premiums, and/or rest period premiums owed at the time of termination.

3   127.   The Defendants' and/or DOES' failure to pay wages, as alleged above, was willful in that

4   Defendants and/or DOES and each of them knew the wages to be due but failed to pay them,

5   thus entitling members of the Class to penalties under Labor Code, section 203, which

6   provides that an employee's wages shall continue as a penalty until paid for a period of up to

7   thirty (30) days from the time they were due.

8   128.   Defendants and/or DOES have failed to pay Plaintiff and those similarly situated Class

9   members a sum certain at the time of termination or within seventy-two (72) hours of their

10   resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the

11   provisions of Labor Code, section 203, Plaintiff and the Class are entitled to a penalty in the

12   amount of Plaintiff's and those similarly situated Class Members' daily wage multiplied by

13   thirty (30) days.

14

15   129.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

16

17

18   **Tenth cause of action against all Defendants and/or DOES: Violation of unfair competition law**

19   **(California Bus. & Prof. Code, § 17200, et seq.)**

20

21   130.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and

22   every other paragraph in this Complaint herein as if fully plead.

23   131.   Defendants' and/or DOES' failure to pay all straight time and overtime wages owed, Labor

24   Code 203 wages, and failure to compensate for unprovided or improperly provided rest and

25   meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and

26   under the California Labor Code, and failure to keep proper records, as alleged herein,

27   constitutes unlawful activity prohibited by California Business and Professions Code section

28   17200, et seq.

- 28 -

132. The actions of Defendants and/or DOES in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

133. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

134. As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages and overtime compensation pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their failure to provide meal periods, authorize and permit rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff Class.

135. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' and/or DOES' unfair trade practices.

136. As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices described herein.

137. The illegal conduct alleged herein is continuing, and there is no indication that Defendants

- 29 -

and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work through meal and/or second meal periods and/or work five hours or more without receiving a meal period, will continue to fail to authorize and permit rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying wages, appropriate taxes, insurance, and unemployment withholdings.

138.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants and/or DOES from requiring Plaintiff and the Plaintiff Class to work through meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

139.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. PRAYER FOR RELIEF.

1.   That the Court determine that this action may be maintained as a Class action;

2.   For compensatory damages in an amount according to proof with interest thereon;

3.   For unpaid wages in an amount according to proof with interest at time of trial;

4.   For all monies for the violations of California Labor Code section 226.7;

5.   For economic and/or special damages in an amount according to proof with interest thereon;

6.   For all waiting time penalties owed;

7.   That Defendants and/or DOES be found to have engaged in unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

8.   That Defendants and/or DOES be ordered and enjoined to make restitution to Plaintiff and the Class due to their unfair competition,, pursuant to California Business and Professions Code sections 17203 and 17204;

9.   That Defendants and/or DOES be enjoined from continuing the illegal course of

- 30 -

conduct alleged herein;

10.   That Defendants and/or DOES further be enjoined to cease and desist from unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

11.   That Defendants and/or DOES be enjoined from further acts of restraint of trade and unfair competition;

12.   For attorneys' fees;

13.   For interest accrued to date;

14.   For costs of suit and expenses incurred herein; and

15.   For such other and further relief as the Court deems just and proper.

Dated: March 19, 2014

THE TURLEY LAW FIRM

William Turley, Esq.
David Mara, Esq.
Representing Plaintiff GARY KILBOURNE
on behalf of himself and all others similarly
situated, and on behalf of the general public

F:\ACLIENTS\Class Actions\Coca-Cola\Pleadings\complaint.001.wpd

- 31 -

**EXHIBIT A**
**Page 40**

# EXHIBIT B

. CT Corporation

**Service of Process Transmittal**
03/24/2014
CT Log Number 524640586

TO: Russell S. Bonds
The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, GA 30313-

RE: **Process Served in California**

FOR: The Coca-Cola Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gary Kilbourne, etc., Pltf. vs. The Coca-Cola Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint(s), Cover Sheet(s), Notice(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, CA<br>Case # 37201400007465CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages (see documents for additional information) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2014 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | William Turley<br>The Turley Law Firm, APLC<br>625 Broadway<br>Suite 635<br>San Diego, CA 92101<br>619-234-2833 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/25/2014, Expected Purge Date: 03/30/2014<br>Image SOP<br>Email Notification, Nancy Quattrocchi nquattrocchi@na.ko.com<br>Email Notification, Russell S. Bonds rbonds@coca-cola.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**
**Page 41**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq. (SBN 122408); David Mara, Esq. (SBN 230498)<br>The Turley Law Firm, APLC<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 234-2833    FAX NO.: (619)234-4048<br>ATTORNEY FOR *(Name):* Plaintiffs Ronald Young | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/20/2014** at 10:51:45 AM<br>Clerk of the Superior Court<br>By Alicia Fletes, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

| CASE NAME:<br>Gary Kilbourne v The Coca-Cola Company, et al., and DOES 1-100 | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>37-2014-00007465-CU-OE-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Timothy Taylor<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19 2014
William Turley, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT B**
**Page 42**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**EXHIBIT B**
**Page 43**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

| PLAINTIFF(S) / PETITIONER(S): | Gary Kilbourne |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | The Coca-Cola Company et.al. |
|---|---|

GARY KILBOURNE VS THE COCA-COLA COMPANY [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00007465-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Timothy Taylor                                       Department: C-72

## COMPLAINT/PETITION FILED: 03/20/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/22/2014 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**EXHIBIT B**
**Page 44**

# ALTERNATIVE DISPUTE RESOLUTION IN CIVIL CASES



**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**EXHIBIT B**
**Page 46**

NAME OF COURT: _____

## ADR Information Form

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*  ▶

1. Case name: _____ No. _____
2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____
3. Date complaint filed _____ Date case resolved _____
4. Date of ADR conference _____   5. Number of parties _____
6. Amount in controversy   ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify):* _____
7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney   8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME _____ | NAME _____ |
| ADDRESS _____ | ADDRESS _____ |
| (     ) _____ | (     ) _____ |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

   ☐ Plaintiff   ☐ Plaintiff's attorney          ☐ Defendant   ☐ Defendant's attorney
   ☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify):* _____

10. Dispute resolution process:

    ☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify):* _____

11. How was case resolved?

    a. ☐ As a direct result of the ADR process.
    b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

**EXHIBIT B**
**Page 47**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF(S) | ASSIGNED JUDGE |
| DEFENDANT(S) | DEPT |
| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | SUPERIOR COURT CASE NUMBER |

The parties and their attorneys stipulate that the matter at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)  ☐ Non-binding private arbitration
☐ Mediation (private)  ☐ Binding private arbitration
☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
☐ Neutral evaluation (private)  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other *(specify e.g., private mini-trial, private judge, etc.):* _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____     Date: _____

_____     _____
Name of Plaintiff                                          Name of Defendant

_____     _____
Signature                                                       Signature

_____     _____
Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____     _____
Signature                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Date: _____     _____
                                                                    Judge of the Superior Court

| SDSC CIV-359 (Rev. 12-10) | **STIPULATION TO USE<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)** | Cal. Rules of Court, rule 3.1385 |
|---|---|---|

**EXHIBIT B**
**Page 48**

3/24 @2 :15P.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>The Coca-Cola Company; Coca-Cola Refreshments USA, Inc.;<br>Coca-Cola Enterprises, Inc., and DOES 1-100<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Gary Kilbourne, on behalf of himself and all others similarly situated, and on behalf the general public | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/20/2014** at 10:51:45 AM<br>Clerk of the Superior Court<br>By Alicia Fletes, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego<br><br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2014-00007465-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley Law Firm, APLC, 625 Broadway, Suite 635, San Diego, CA 92101

| | | | |
|---|---|---|---|
| DATE: 03/20/2014<br>*(Fecha)* | Clerk, by<br>*(Secretario)* A. Fletes | A. Fletes | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Coca-Cola Company

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**EXHIBIT B**
**Page 49**

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  **THE TURLEY LAW FIRM, APLC**
   625 Broadway ,Suite 635
3  San Diego, California 92101
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

5

6  **Attorneys for Plaintiff GARY KILBOURNE**
   on behalf of himself and all others similarly
7  situated, and on behalf of the general public

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/20/2014** at 10:51:45 AM

Clerk of the Superior Court
By Alicia Fletes ,Deputy Clerk

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 10  GARY KILBOURNE, on behalf of himself and all others similarly situated, and on behalf of the general public | Case No.  37-2014-00007465-CU-OE-CTL |
| 12 | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION** |
| 13         Plaintiff, | |
|     v. | |
| 14  THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC., | 1)  **Wage Theft/Time Shaving**<br>2)  **Failure to Pay Overtime**<br>3)  **Failure to provide meal periods (Lab. Code §§ 226.7, 512; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001 (11); Cal. Code Regs. Title 8, § 11090);** |
| 17  and DOES 1-100 | 4)  **Failure to authorize and permit periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8, §11090);** |
| 18         Defendants. | 5)  **Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175);** |
| 21 | 6)  **Conversion;**<br>7)  **Fraud;**<br>8)  **Unjust enrichment;**<br>9)  **Waiting time penalties;**<br>10)  **Violation of unfair competition law (Bus. & Prof. Code § 17200, et seq.).** |
| 24 | **DEMAND FOR JURY TRIAL** |

25

26     Plaintiff GARY KILBOURNE, on behalf of himself and all others similarly situated, and

27  on behalf of the general public, complains of Defendants and/or DOES for causes of action

28  and alleges:

- 1 -

1.   This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff GARY KILBOURNE and all employees, including but not limited to, hourly workers not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities (hereinafter "Non-Exempt Employees") employed by, or formerly employed by, THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.; and/or subsidiaries or affiliated companies and/or DOES, within the State of California.

2.   At all times mentioned herein, the common policies and practices of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code as set forth more fully within.

3.   For at least four years prior to the filing of this action and through to present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws and automatically deducting a half hours pay from their wages.

4.   For at least four years prior to filing of this action and through the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of 10 or more hours in a day to take a second meal period of not less than thirty minutes as required by the applicable Wage Order of the Industrial Welfare Commission.

5.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC. and/or DOES have had a consistent policy of requiring Non-

**EXHIBIT B**
**Page 51**

Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

6. For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.  and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

7. For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.  and/or DOES have had a continuous policy of "time shaving" or not paying Plaintiff and those similarly situated for all their hours worked.  Specifically, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC..; COCA-COLA ENTERPRISES, INC.  and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for a thirty minute meal periods (hereby referred to as "auto-meal deduct"), thereby deducting 30 minutes of paid time, including straight time and overtime, even though Plaintiff and those similarly situated worked through their meal periods, were not relieved of all duties, were not relinquished control over their activities,  were not permitted a reasonable opportunity to take an uninterrupted 30-minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break.

8. For at least four years prior to filing this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

- 3 -

ENTERPRISES, INC. and/or DOES have knowingly and intentionally failed to comply with the itemized employee wage statement provisions and have failed to pay Plaintiff and those similarly situated compensation for said violations as required by California's state wage and hour laws.

9.    For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES have wrongfully converted Plaintiff's and those similarly situated Class members' wages and/or monies to their own use.

10.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

11.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated the wages they are owed.

12.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Plaintiff and members of the Class who left Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES's employ or who were terminated.

13.   For at least four years prior to the filing of this action and through to the present, Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES, by failing to lawfully pay Plaintiff and those

- 4 -

1  similarly situated all the wages they are owed, engaged in  false, unfair, fraudulent and

2  deceptive business practices within the meaning of the Business and Professions Code section

3  17200, et seq.

14.  Plaintiff GARY KILBOURNE, on behalf of himself and all Class Members, brings this action

5  pursuant to Labor Code sections 226, subdivision (b), 226.7, 510, 512, 558, 1194, and

6  California Code of Regulations, Title 8, section 11090, seeking unpaid wages and overtime,

7  unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and

8  reasonable attorneys' fees and costs.

15.  Plaintiff GARY KILBOURNE, on behalf of himself and all Class Members, pursuant to

10  Business and Professions Code sections 17200-17208, also seeks injunctive relief, and

11  restitution, from Defendants THE COCA-COLA COMPANY; COCA-COLA

12  REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES for their

13  failure to pay straight time and overtime wages and rest and meal period compensation.

16.  Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

16  COCA-COLA ENTERPRISES, INC.  and/or DOES own and operate trucks,  industrial

17  trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability

18  period, have conducted business in SAN DIEGO County and elsewhere within California. At

19  these work sites and throughout California, Defendants THE COCA-COLA COMPANY;

20  COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or

21  DOES have, among other things, employed persons as truck workers, industrial truck workers,

22  industrial truck drivers, industrial vehicle drivers, and/or industrial workers.

17.  THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

24  COLA ENTERPRISES, INC.  and/or DOES' business is staffed, inter alia, by hourly Non-

25  Exempt Employees such as industrial truck workers, front office people, industrial vehicle

26  workers, and/or industrial workers and/or other hourly Non-Exempt Employees. THE COCA-

27  COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

28  ENTERPRISES, INC.   and/or DOES' employees have not been paid during the liability

- 5 -

1    period all their straight time and overtime wages and rest and meal period compensation.

2    Plaintiff is informed and believes, and based thereon alleges, Defendants THE COCA-COLA

3    COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES,

4    INC. and/or DOES currently employ many employees in the State of California as Non-

5    Exempt Employees.

6    18.    During the liability period, named Plaintiff and members of the Plaintiff Class were employed

7        by Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA,

8        INC.; COCA-COLA ENTERPRISES, INC. and/or DOES as Non-Exempt Employees and

9        were paid on an hourly basis. Plaintiff and the members of the Plaintiff Class of THE COCA-

10       COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

11       ENTERPRISES, INC. Non-Exempt Employees were not provided all straight time and

12       overtime wages owed and rest or meal periods or compensation in lieu thereof as mandated

13       under the California Labor Code, and the implementing rules and regulations of the Industrial

14       Welfare Commission's ("IWC") California Wage Orders.

15    19.    Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

16       COCA-COLA ENTERPRISES, INC. and/or DOES are and were aware that the THE COCA-

17       COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

18       ENTERPRISES, INC. Non-Exempt Employees were not paid all straight time and overtime

19       wages owed nor provided rest and meal periods. Defendants' and/or DOES' denial of wages

20       and other compensation due to Plaintiff and members of the Plaintiff Class in the position of

21       THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

22       COLA ENTERPRISES, INC. Non-Exempt Employees was willful and deliberate.

23

24    20.    Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

25       COCA-COLA ENTERPRISES, INC. and/or DOES willfully failed to pay the straight time

26       and overtime wages owed and rest and meal period wages of former THE COCA-COLA

27       COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES,

28       INC. Non-Exempt Employees, including members of Plaintiff Class, when each such

- 6 -

1   employee quit or was discharged.

2   **I.  VENUE**

3

4   21.   Venue as to each Defendant THE COCA-COLA COMPANY; COCA-COLA

5   REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. and/or DOES is proper

6   in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants THE

7   COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

8   ENTERPRISES, INC.  and/or DOES operate industrial facilities and  employ hourly

9   employees, conduct business, and commit Labor Code violations within SAN DIEGO County

10   and California, and each Defendant and/or DOE is within the jurisdiction of this Court for

11   service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff

12   and those similarly situated within the State of California and within SAN DIEGO County,

13   Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

14   COCA-COLA ENTERPRISES, INC.  and/or DOES employ numerous Class Members in

15   California and/or SAN DIEGO County.

16   **II.  PARTIES**

17   **A.   Plaintiff**.

18   22.   Plaintiff GARY KILBOURNE is a resident of California, at all relevant times herein he was

19   employed by Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS

20   USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES within the last four years as

21   an industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial

22   worker in California. Mr. KILBOURNE was employed in a non-exempt capacity as an hourly

23   industrial truck worker, industrial truck driver, industrial vehicle driver, and/or industrial

24   worker.

25   23.   On information and belief, Plaintiff and all other members of the proposed Class experienced

26   Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

27   COCA-COLA ENTERPRISES, INC. and/or DOES' common company policies of failing to

28   pay all straight time and overtime wages owed, auto-meal deduct,  and providing no rest

- 7 -

1    periods and no meal periods to employees working at least five hours or any additional meal

2    periods for working in excess of 10 hours, or compensation in lieu thereof.  On information

3    and belief, Defendants and/or DOES willfully failed to pay their employees and members of

4    the Plaintiff Class in a timely manner compensation owing to them upon termination of their

5    employment with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA,

6    INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES.

7    **B.**    **Defendants**.

8

9    24.    Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

10    COCA-COLA ENTERPRISES, INC.  and/or DOES are engaged in the ownership and

11    operation of industrial vehicles and industrial work sites located within SAN DIEGO County,

12    and throughout the State of California. During the liability period, Defendants THE COCA-

13    COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA

14    ENTERPRISES, INC.  and/or DOES employed Plaintiff and similarly situated persons as

15    THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

16    COLA ENTERPRISES, INC.   Non-Exempt Employees within California.  On information

17    and belief, each of the Defendants and/or DOES is conducting business in California.

18    25.    Defendants THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;

19    COCA-COLA ENTERPRISES, INC.   and/or DOES are engaged in the ownership and

20    operation of industrial vehicles and industrial work sites located within SAN DIEGO County,

21    and throughout the State of California. During the liability period, Defendants and/or DOES

22    employed Plaintiff and similarly situated persons as THE COCA-COLA COMPANY; COCA-

23    COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.   Non-Exempt

24    Employees within California.

25    26.    THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

26    COLA ENTERPRISES, INC.   and/or DOES' principal place of business is in the State of

27    California.

28    27.    THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-

**EXHIBIT B**
**Page 57**

COLA ENTERPRISES, INC.  and/or DOES have numerous offices and/or contracts in the State of California.

28.  California is the nerve center of THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES operations.

29.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

30.  Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant and/or DOE are legally attributable to the other Defendants and/or DOES.

## III.  CLASS ACTION ALLEGATIONS

31.  Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, truck drivers, drivers, hourly workers, or similar job designations and titles, during the period of the relevant statute of limitations.

- 9 -

**EXHIBIT B**
**Page 58**

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, truck drivers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations, who were not paid all straight time wages and overtime.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations, who were subject to auto-meal deduct, when they were not relieved of all duties.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers or similar job designations and titles, during the period of the relevant statute of limitations who have not been authorized and permitted to take a rest period for every four hours or major fraction thereof worked per day and were not provided compensation of one hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee industrial truck workers, drivers, hourly workers, or similar job designations and titles, during the period of the relevant statute of limitations who have worked five and/or ten hours without being provided a meal period and/or additional meal period and were not provided compensation of one hour's pay or other compensation for each day on which such

- 10 -

1    meal period was not provided.

2    All persons who are or have been employed by Defendants and/or
3    DOES in the State of California as hourly employee, industrial truck
4    workers, drivers or similar job designations and titles, during the
5    period of the relevant statute of limitations who Defendants and/or
6    DOES willfully failed to pay in a timely manner compensation owing
7    to them upon termination of their employment with THE COCA-
8    COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.;
9    COCA-COLA ENTERPRISES, INC. and/or DOES.

10   Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to
11   amend or modify the Class description with greater specificity or further division into
12   subclasses or limitation to particular issues.

13
14   32.   This action has been brought and may properly be maintained as a class action under the
15         provisions of section 382 of the California Code of Civil Procedure because there is a well-
16         defined community of interest in the litigation and the proposed Class is easily ascertainable.

17   A.    **Numerosity**.

18   33.   The potential members of the Class as defined are so numerous that joinder of all the members
19         of the Class is impracticable.  While the precise number of Class Members has not been
20         determined at this time, Plaintiff is informed and believes that Defendants and/or DOES
21         currently employ, and during the relevant time periods employed, thousands of employees, all
22         in the State of California, in positions as Defendants' and/or DOES' Non-Exempt Employees
23         in SAN DIEGO County and dispersed throughout California during the liability period and
24         who are or have been affected by Defendants' and/or DOES' policies of shaving time, failing
25         to pay all straight time and overtime wages, not providing meal periods or providing them
26         more than five hours into an employee's shift, not authorizing and permitting rest periods
27         without the appropriate legal compensation and not timely paying waiting time monies.

28   34.   Accounting for employee turnover during the relevant periods necessarily increases this

- 11 -

number substantially.  Upon information and belief, Plaintiff alleges Defendants' and/or DOES' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

B.   **Commonality**.

35.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(1)   Whether Defendants and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide  rest periods to employees  for every four hours or major fraction thereof worked and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(2)   Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(3)   Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30 minute meal period and not counting the time as time worked.

(4)   Whether Defendants' and/or DOES' uniform policies of establishing and

- 12 -

scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt hourly industrial truck workers to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(5)     Whether Defendants and/or DOES had a pattern and practice of pressuring its hourly Non-Exempt industrial truck workers to complete routes within time frames that made it impractical for THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt drivers to be relieved of all duty for 30 minute meal periods and/or 10 minute rest periods.

(6)     Whether the in existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt industrial truck workers not being provided a second meal period in accordance with the Labor Code and Wage Orders.

(7)     Whether the in existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC. Non-Exempt industrial truck workers not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the Labor Code and Wage Orders.

(8)     Whether Defendant's and/or DOES' uniform policy of automatically deducting thirty (30) minutes from its Non-Exempt industrial truck workers for each day worked - regardless of whether the Non-Exempt industrial truck workers were relieved of duty for thirty (30) minutes - violated the Labor Code and Wage Orders.

- 13 -

(9)     Whether Defendants and/or DOES violated section 226 of the Labor Code and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)© by knowingly and intentionally failing to, among other violations, accurately report compensation owed for rest and meal period violations.

(10)    Whether Defendants and/or DOES wrongly converted Plaintiff's and Class members' wages and/or monies to their own use.

(11)    Whether Defendants and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

(12)    Whether Defendants and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated wages they are owed.

(13)    Whether Defendants and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the Class who left Defendants' and/or DOES' employ or who were terminated.

(14)    Whether Defendants and/or DOES violated section 17200, et seq. of the California Business and Professions Code by shaving time, failing to pay all wages and overtime, and failing to provide rest and meal periods without compensating Non-Exempt Employees one hour's pay for every day such periods were not provided, and failing to keep accurate records of Class Members' compensation owed.

(15)    Whether Defendants and/or DOES violated Labor Code sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

- 14 -

**EXHIBIT B**
**Page 63**

(16)   Whether Defendants and/or DOES violated Labor Code Labor Code Section 203 which provides for the assessment of a penalty against the employer when there is a willful failure to pay wages due the employee at conclusion of the employment relationship.

(17)   Whether Defendants and/or DOES policy of deducting a half hours pay regardless of whether the employee was actually provided a legally compliant meal period is illegal.

**C.   Typicality.**

36.   The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

**D.   Adequacy of Representation.**

37.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.   Superiority of Class Action.**

38.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' illegal policy and/or practice of failing to pay all straight time and overtime wages owed, not providing meal periods, denying Class Members proper rest and meal periods without legal compensation, requiring employees to work in excess of ten hours per day without additional meal periods, and not compensating members of the Class for all time worked.

- 15 -

39.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.   CAUSES OF ACTION.

**First cause of action against all Defendants and/or DOES: Wage-Theft/ Time-Shaving.**

40.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

41.   Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.   Specifically, Defendants and/or DOES have a continuous policy of clocking-out Plaintiffs and those similarly situated out for a thirty minute meal period, even though Plaintiffs and all members of the Class work through their meal periods.

42.   Thus, Defendants and/or DOES shave/ steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time deducted.

43.   Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken.  Defendants and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties.  Defendants and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members.  Defendants and/or DOES, without a reasonable basis, presumed that actual reported

- 16 -

1    hours had not been accurately reported.  The conduct complained of is a form of what is
2    sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.  Defendants
3    and/or DOES also failed to pay for the overtime that was due pursuant to Labor Code sections
4    510 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

5    44.    Plaintiff and the Class members are informed and believe and thereon allege that as a direct
6           result of the systematic deductions in pay, resulting from application of an automatic computer
7           program and overtime, Plaintiff and the Class members have suffered, and continue to suffer,
8           substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees
9           in seeking to compel Defendants and/or DOES to fully perform their obligations under state
10          law, all to their respective damage in amounts according to proof at time of trial.  Defendants
11          and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful
12          and deliberate intention on injuring Plaintiff and the Class members.  Defendants and/or
13          DOES acted with malice or in conscious disregard of Plaintiff's and the Class members'
14          rights.   Plaintiff and the Class members are thus entitled to recover nominal, actual,
15          compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.
16          Plaintiffs are also entitled to any penalties allowed by law.

17   45.    As a direct result of Defendants' and/or DOES' policy of illegal time shaving/ wage theft,
18          Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.
19
20   **Second cause of action against all Defendants and/or DOES: Failure to pay overtime**

21   46.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and
22          every other paragraph in this Complaint herein as if fully plead.

23   47.    It is fundamental that an employer must pay its employees for the time worked.  California
24          Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.  Labor
25          Code section 222 prohibits the withholding on part of a wage.  Labor Code section 223
26          prohibits the pay of less that a statutory or contractual wage scale.  Labor Code section 1197
27          prohibits the payment of less than the minimum wage.  Labor Code section 224 only permits
28          deductions from wages when the employer is required or empowered to do so by state or

- 17 -

federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

48. Defendants failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week.

49. Plaintiff and those similarly situated Class members were employed by THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  and/or DOES at all relevant times.  Defendants and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

50. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by automatically deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken.  Defendants and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day.  Defendants and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members.  Defendants and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported.  The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Industrial Welfare Commission Order No. 9-2001, item 3(A).

51. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state

- 18 -

**EXHIBIT B**
**Page 67**

law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

**Third cause of action against all Defendants and/or DOES: Failure to provide meal periods or pay compensation in lieu thereof. (Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

52. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

53. Under California Labor Code, section 512, and Industrial Welfare Commission Wage Order No.9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

54. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

55. Under California Labor Code, section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56. Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five consecutive hours. As

- 19 -

**EXHIBIT B**
**Page 68**

such, Defendants' and/or DOES' Non-Exempt Employees were required to work well over five consecutive hours at a time without being provided a 30 minute, uninterrupted meal period within that time.

57. Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees for every five continuous hours its Non-Exempt Employees worked.

58. Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route. The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to eat their meals while driving and/or while working their routes.

59. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

60. Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

61. Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

62. Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.

63. Based on Defendants' and/or DOES' demanding route completion time policies, Plaintiff and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

- 20 -

64. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

65. Defendants and/or DOES thereby failed to provide an additional 30 minute uninterrupted meal period for employees on days where they worked in excess of ten hours.

66. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 9.

67. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take meal periods through mutual consent with Defendants and/or DOES.

68. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fourth cause of action against all Defendants and/or DOES: Failure to authorize and permit rest periods or pay compensation in lieu thereof (Lab. Code § 226.7; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

69. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

70. Defendants and/or DOES failed to authorize and permit its Non-Exempt Employees to take 10 minute rest periods per every four hours worked or major fraction thereof.

71. Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route. The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to work through their rest periods.

72. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of

- 21 -

1    assigning too much work to be completed in too short of time frames, which resulted in

2    Plaintiff and those similarly situated not breaking route to take meal and rest periods.

73.    Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

74.    Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

75.    Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC.  .

76.    Based on Defendants' and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

77.    Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take an additional rest period in shifts exceeding 10 hours in a day.

78.    Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten minute rest period when working in excess of 10 hours a day.

79.    By its failure to authorize and permit its Non-Exempt Employees to take rest periods for every four hours or major fraction thereof worked per day, Defendants and/or DOES willfully violated provisions of Labor Code section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take rest periods through mutual consent with Defendants and/or DOES.

80.    As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks

- 22 -

**EXHIBIT B**
**Page 71**

to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders 9-1998, 9-2000, 9-2001.

81.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below

**Fifth cause of action against all Defendants and/or DOES: Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

82.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

83.     Section 226, subdivision (a), of the California Labor Code requires Defendants and/or DOES to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class.  Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

84.     Section 1174 of the California Labor Code requires Defendants and/or DOES to maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees.  Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174.  The failure of Defendants and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

85.     Defendants and/or DOES failed to maintain time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7) and 9-1998(7) - showing, among other things, when the employee begins and ends each work period, meal period, and total daily hours worked in itemized wage statements, and all deductions from payment of wages, and to accurately report total hours worked by Plaintiff and the members of the proposed Class.

- 23 -

**EXHIBIT B
Page 72**

86.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Sixth cause of action against all Defendants and/or DOES: Conversion.**

87.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

88.     At all times mentioned herein, Plaintiff and the Class he seeks to represent had an ownership interest in the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

89.     Defendants and/or DOES never paid Plaintiff and the Class he seeks to represent the wages owed for Defendants' and/or DOES' failure to comply with the laws respecting meal and rest periods.

90.     At all times mentioned herein, Plaintiff and the Class he seeks to represent, never consented to Defendants and/or DOES taking said wages owed to Plaintiff and the Class he seeks to represent.

91.     At all times mentioned herein, Plaintiff and the Class he seeks to represent, were harmed by Defendants' and/or DOES' failure to pay wages owed to Plaintiff and the Class he seeks to represent.

92.     At all times mentioned herein, Defendants and DOES and each of them wrongfully converted such wages and/or monies to their own use.

93.     At all times mentioned herein, Defendants' and DOES' policies and practices resulted in the conversion of Plaintiff's wages and those similarly situated.

94.     Such conversion was wrongful because such wages belonged to the employees.

95.     At all times mentioned herein, Defendants and/or DOES fully realized what they were doing. They fully realized that they were stealing money from Plaintiff and those similarly situated.

96.     Defendant and/or DOES fully realized that Plaintiffs and those similarly situated were unsophisticated and not likely to appreciate, understand and/or comprehend that Defendants

- 24 -

1    and/or DOES were wrongfully converting, taking and/or stealing their wages.

2    97.   At all times mentioned herein, Defendants and/or DOES fully realized that Plaintiffs and those
3    similarly situated were in a relatively disadvantaged situation.   Defendants and/or DOES
4    preyed on Plaintiff and those similarly situated because Plaintiff and those similarly situated
5    were economically disadvantaged.

6    98.   At all times mentioned herein, said violations were conscious, deliberate, intentional and/or
7    malicious.

8    99.   At all times mentioned herein, said conversion was conscious, deliberate, intentional and/or
9    malicious.
10

11   100.   At all times mentioned herein, Defendants and/or DOES and/or persons acting on their behalf
12   knew that they could take advantage of these workers' rights because they knew they could
13   prey on the relative un-sophistication of the workers.

14   101.   Plaintiff and most of the Class he proposes to represent are not well educated, have little
15   sophistication with the law - including the California Labor Code.

16   102.   At all times mentioned herein, the acts, omissions and/or conduct on the part of Defendants
17   and/or DOES and/or persons acting on their behalf was downright malice.
18

19   103.   At all times mentioned herein, Defendants and/or DOES and/or persons acting on their behalf
20   fully realized that they were stealing the money from innocent and relatively helpless workers.

21   104.   As a direct result of Defendants and/or DOES conversion; Plaintiff and those similarly situated
22   were damaged in an amount to be proven at time of trial.

23   105.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

24   **Seventh cause of action against all Defendants and/or DOES: Fraud.**

25   106.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and
26   every other paragraph in this Complaint herein as if fully plead.
27

28   107.   At all times mentioned herein, Defendant and/or DOES had a pattern and practice of

- 25 -

**EXHIBIT B**
**Page 74**

1  fraudulently altering Plaintiff's and other similarly situated employees' time records and/or

2  wage records in order for Defendants and/or DOES to not have to pay the wages to Plaintiff

3  and those similarly situated.

4  108.  Defendant and/or DOES promised Plaintiff and the Class he seeks to represent to pay Plaintiff

5  and the Class he seeks to represent all wages earned, which includes, but is not limited to,

6  wages earned from not being provided meal periods in accordance with the applicable

7  California law and wages earned from not being authorized and permitted to take rest periods

8  in accordance with the applicable California law.

9  109.  At all times mentioned herein, Defendants and/or DOES knew that they would deprive

10  Plaintiff and the Class he seeks to represent wages owed for unprovided meal periods and non-

11  authorized and permitted rest periods.

12

13  110.  At all times mentioned herein, Defendants and/or DOES falsely promised Plaintiff and the

14  Class he seeks to represent that all wages would be paid in order to induce Plaintiff and the

15  Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and

16  the Class he seeks to represent to work for longer hours.

17  111.  At all times mentioned herein, Plaintiff and the Class he seeks to represent justifiably relied

18  on Defendants' and/or DOES' promises that all wages would be paid.

19  112.  As a result of this justifiable reliance on Defendants' and/or DOES' fraudulent promises,

20  Plaintiff and the Class worked through meal periods and rest periods and suffered damages

21  and/or lost wages in an amount to be proven at the time of trial in not being properly

22  compensated.

23  113.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

24
**Eighth cause of action against all Defendants and/or DOES: Unjust enrichment.**
25

26  114.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and

27  every other paragraph in this Complaint herein as if fully plead.

28  115.  At all times mentioned herein, there was an unjust benefit to Defendants and/or DOES due to

- 26 -

1    Defendants' and/or DOES' actions in wrongfully and unlawfully failing to pay Plaintiff and

2    the Class he seeks to represent wages owed.

3    116.   At all times mentioned herein, Defendants and/or DOES were under a duty to follow the wage

4           and hour laws in regards to Defendants' and/or DOES' California employees.

5    117.   At all times mentioned herein, Defendants and/or DOES wrongfully invaded the rights of

6           Plaintiff and others similarly situated.

7

8    118.   At all times mentioned herein, there was an unjust retention of Plaintiff's and others similarly

9           situated's wages.

10   119.   At all times mentioned herein, Defendants and/or DOES were in receipt of wages and/or

11          monies which belonged to Plaintiff and those similarly situated.

12   120.   At all times mentioned herein, Defendants and/or DOES breached their duty to follow

13          California's wage and hour laws in regards to their California employees.

14   121.   At all times mentioned herein, said unjust enrichment was conscious, deliberate, intentional

15          and/or malicious.

16
17   122.   As a direct result of Defendants' and/or DOES' breach of California's wage and hour laws;

18          Plaintiff and those similarly situated suffered damage.

19   123.   As a direct result of Defendants' and/or DOES' unjust conversion; Plaintiffs and those

20          similarly situated were damaged in an amount to be proven at time of trial.

21   124.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

22   Ninth cause of action against all Defendants and/or DOES: Waiting time penalties under Labor

23   Code section 203.

24   125.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and

25          every other paragraph in this Complaint herein as if fully plead.

26
27   126.   Numerous members of the Class are no longer employed by Defendants and/or DOES. They

28          were either fired or quit Defendants' and/or DOES' employ. Defendants and/or DOES did not

                                              - 27 -

**EXHIBIT B**
**Page 76**

pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period premiums, and/or rest period premiums owed at the time of termination.

127. The Defendants' and/or DOES' failure to pay wages, as alleged above, was willful in that Defendants and/or DOES and each of them knew the wages to be due but failed to pay them, thus entitling members of the Class to penalties under Labor Code, section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

128. Defendants and/or DOES have failed to pay Plaintiff and those similarly situated Class members a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code, section 203, Plaintiff and the Class are entitled to a penalty in the amount of Plaintiff's and those similarly situated Class Members' daily wage multiplied by thirty (30) days.

129. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Tenth cause of action against all Defendants and/or DOES: Violation of unfair competition law (California Bus. & Prof. Code, § 17200, et seq.)**

130. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

131. Defendants' and/or DOES' failure to pay all straight time and overtime wages owed, Labor Code 203 wages, and failure to compensate for unprovided or improperly provided rest and meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and under the California Labor Code, and failure to keep proper records, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

- 28 -

132.   The actions of Defendants and/or DOES in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

133.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this cause individually and as a member of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

134.   As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent.  Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages and overtime compensation pursuant to Business and Professions Code section 17203.  Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their failure to provide meal periods, authorize and permit rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff Class.

135.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' and/or DOES' unfair trade practices.

136.   As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices described herein.

137.   The illegal conduct alleged herein is continuing, and there is no indication that Defendants

- 29 -

1   and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if

2   Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint, they

3   will continue to require employees to work through meal and/or second meal periods and/or

4   work five hours or more without receiving a meal period, will continue to fail to authorize and

5   permit rest periods or provide appropriate compensation in lieu thereof, and will continue to

6   fail to pay and to avoid paying wages, appropriate taxes, insurance, and unemployment

7   withholdings.

8   138.   Plaintiff further requests that the Court issue a preliminary and permanent injunction

9   prohibiting Defendants and/or DOES from requiring Plaintiff and the Plaintiff Class to work

10   through meal periods, and from continuing to fail to provide rest periods and meal periods or

11   provide appropriate compensation in lieu thereof.

12   139.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

13   **V. PRAYER FOR RELIEF.**

14

15     1.   That the Court determine that this action may be maintained as a Class action;

16     2.   For compensatory damages in an amount according to proof with interest thereon;

17     3.   For unpaid wages in an amount according to proof with interest at time of trial;

18     4.   For all monies for the violations of California Labor Code section 226.7;

19

20     5.   For economic and/or special damages in an amount according to proof with interest

21        thereon;

22     6.   For all waiting time penalties owed;

23     7.   That Defendants and/or DOES be found to have engaged in unfair competition in

24        violation of section 17200, et seq. of the California Business and Professions Code;

25     8.   That Defendants and/or DOES be ordered and enjoined to make restitution to

26        Plaintiff and the Class due to their unfair competition,, pursuant to California

27        Business and Professions Code sections 17203 and 17204;

28     9.   That Defendants and/or DOES be enjoined from continuing the illegal course of

- 30 -

conduct alleged herein;

10.  That Defendants and/or DOES further be enjoined to cease and desist from unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

11.  That Defendants and/or DOES be enjoined from further acts of restraint of trade and unfair competition;

12.  For attorneys' fees;

13.  For interest accrued to date;

14.  For costs of suit and expenses incurred herein; and

15.  For such other and further relief as the Court deems just and proper.

Dated: March 19, 2014                              THE TURLEY LAW FIRM

                                                   William Turley, Esq.
                                                   David Mara, Esq.
                                                   Representing Plaintiff GARY KILBOURNE
                                                   on behalf of himself and all others similarly
                                                   situated, and on behalf of the general public

F:\CLIENTS\Class Actions\Coca-Cola\Pleadings\complaint.001.wpd