JENNIFER ROBINSON, Bar No. 148333
jenrobinson@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN  37201
Telephone:  615.383.3033
Facsimile:   615.383.3323

LENA K. SIMS, Bar No. 212904
lsims@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:  619.232.0441
Fax No.:    619.232.4302

Attorneys for Defendants
BCI COCA-COLA BOTTLING COMPANY OF
LOS ANGELES, THE COCA-COLA COMPANY,
AND COCA-COLA REFRESHMENTS USA,
INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KILBOURNE, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY; COCA-COLA REFRESHMENTS USA, INC.; COCA-COLA ENTERPRISES, INC., and DOES 1-100,<br><br>Defendants. | Case No.  3:14-cv-00984-MMA-(BGS)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION**<br><br>Date:  September 28, 2015<br>Time:  2:30 p.m.<br>Ctrm:  3A<br>Judge:  Hon. Michael M. Anello<br><br>Complaint filed:   March 20, 2014 |

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
ITS OPPOSITION TO PLTF'S MOTION FOR
RECONSIDERATION OF COURT ORDER DENYING CLASS
CERTIFICATION

CASE NO.  3:14-CV-00984-MMA-(BGS)

**TABLE OF CONTENTS**

PAGE

I. FEDERAL RULE OF CIVIL PROCEDURE 59 DOES NOT PERMIT RECONSIDERATION EXCEPT AFTER ENTRY OF JUDGMENT ............... 1

II. PLAINTIFF'S DISAGREEMENT WITH THE COURT'S RULING IS NOT A LEGITIMATE BASIS FOR SEEKING RECONSIDERATION .......... 2

III. PLAINTIFF'S ARGUMENT REGARDING JIMENEZ V. ALLSTATE INS. CO. IS WRONG ................................................................................. 4

IV. FRLEKIN V. APPLE, INC. IS NOT AN INTERVENING CHANGE IN CONTROLLING LAW ................................................................................. 6

V. CONCLUSION ................................................................................................ 7

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

i.

CASE NO.  3:14-CV-00984-MMA-(BGS)

# TABLE OF AUTHORITIES

PAGE

**CASES**

*389 Orange St. Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) ................................................................................. 2

*Abarca v. Merck & Co., Inc.*,
  No. 1:07-cv-388 DOC, 2012 WL 137749 (C.D. Cal. Jan. 17, 2012) ................... 1

*Balla v. Idaho State Bd. Of Corrections*,
  869 F.2d 461 (9th Cir. 1989) ................................................................................ 1

*Campion v. Old Republic Home Prot. Co.*,
  No. 09-cv-748-JMA (NLS), 2011 WL 1935967 (S.D. Cal. May 20, 2011) ........ 3

*Carroll v. Nakatani*,
  342 F.3d 934, 945 (9th Cir. 2003) ........................................................................ 2

*Circuit City Stores, Inc. v. Mantor*,
  417 F.3d 1060 (9th Cir. 2005) .............................................................................. 2

*Collins v. D.R. Horton, Inc.*,
  252 F.Supp.2d 936, 938 (D. Az. 2003) ................................................................ 4

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) .............................................................................. 7

*Jeld-Wen Master Welfare Benefit Plan v. Tri-City Health Care District*,
  No. 12cv197-GPC (RBB), 2013 WL 1882263 (S.D. Cal. May 6, 2013) ............ 4

*Jimenez v. Allstate Ins. Co.*,
  No. 10-08486 JAK, 2012 WL 1366052 (C.D. Cal. Apr. 18, 2012), *aff'd*
  (Sept. 3, 2014) ....................................................................................................... 5

*Jimenez v. Allstate Insurance Co.*,
  765 F.3d 1161 (9th Cir. 2014), cert. denied 135 S.Ct. 1834 (2015) ............ 4, 5, 6

*Kona Enterprises, Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ................................................................................ 2

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

ii.

CASE NO. 3:14-CV-00984-MMA-(BGS)

# TABLE OF AUTHORITIES
**(CONTINUED)**

**PAGE**

*Lucas v. Hertz Corp.*,
  No. C 11-01581 LB, 2012 U.S. Dist. Lexis 119937 (N.D. Cal. Aug. 22, 2012) .................................................................................................................. 4

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999) .................................................................................. 2

*School Dist. No. 1J v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ...................................................................................... 2

*Soto v. American Honda Motor Co., Inc.*,
  No. C 12-01377 SI, 2012 WL, 5877476, *3-4 (N.D. Cal. Nov. 20, 2012) .......... 2

*U.S. ex rel. Becker v. Westinghouse Savannah River Co.*,
  305 F.3d 284 (4th Cir. 2002) .................................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(2) ................................................................................................. 2

Fed. R. Civ. P. 23(b)(3) ................................................................................................. 2

Fed. R. Civ. P. 23(f) ...................................................................................................... 1

Fed. R. Civ. P. 59 .......................................................................................................... 1

Fed. R. Civ. P. 59(b) ..................................................................................................... 1

Fed. R. Civ. P. 59(e) ............................................................................................. 1, 2, 3, 7

Fed. R. Civ. P. 60 .......................................................................................................... 1

Fed. R. Civ. P. 60(a) ..................................................................................................... 1

Fed. R. Civ. P. 60(b) ..................................................................................................... 1

Local Rule 7.1.h(i) ........................................................................................................ 3

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

iii.

CASE NO.  3:14-CV-00984-MMA-(BGS)

Defendants BCI Coca-Cola Bottling Company of Los Angeles ("BCI"), Coca-Cola Refreshments USA, Inc. and The Coca-Cola Company (collectively, "Defendants") submit the following opposition to Plaintiff's Motion for Reconsideration of the Order Denying Class Certification:

## I. FEDERAL RULE OF CIVIL PROCEDURE 59 DOES NOT PERMIT RECONSIDERATION EXCEPT AFTER ENTRY OF JUDGMENT

Federal Rule of Civil Procedure 59 sets forth the standard for requesting reconsideration following entry of judgment. Plaintiff expressly identifies Rule 59 as the basis for his motion, yet no judgment has been entered and application of Rule 59 is therefore not permitted. An order denying class certification is an interlocutory order, not a final judgment. *See* Fed. R. Civ. P. 23(f). When a motion for reconsideration is sought from an interlocutory order, the request is not a Rule 59 request and is instead a request for the district court to revisit its earlier ruling. *See e.g., Balla v. Idaho State Bd. Of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989)(affirming district court order denying motion for reconsideration because it was improperly brought under Rule 59(e) and declining to reach the merits of the appeal); *Abarca v. Merck & Co., Inc.*, No. 1:07-cv-388 DOC (DLBx), 2012 WL 137749 (C.D. Cal. Jan. 17, 2012).

While relief from an order may be sought pursuant to Rule 60, Plaintiff does not identify Rule 60 as the authority for his motion and does not identify any basis for seeking relief that could fall under that rule.[1] Plaintiff's motion for reconsideration should be denied because Rule 59(e) is not available to him as a means of seeking reconsideration of the interlocutory order denying class certification.

---

[1] Rule 60(b) identifies the following potential bases for relief from an order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief. Rule 60(a) also permits the correction of clerical mistakes.

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

CASE NO. 3:14-CV-00984-MMA-(BGS)

## II. PLAINTIFF'S DISAGREEMENT WITH THE COURT'S RULING IS NOT A LEGITIMATE BASIS FOR SEEKING RECONSIDERATION

Even if Plaintiff's motion had been properly brought under Rule 59(e), it should be denied because a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (internal quotations omitted); *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Reconsideration should be used conservatively, because it is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Soto v. American Honda Motor Co., Inc.*, No. C 12-01377 SI, 2012 WL 5877476, *3-4 (N.D. Cal. Nov. 20, 2012), quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) *see also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 (9th Cir. 2005); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). When ruling on a motion for reconsideration, the district court exercises its discretion. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Here, Plaintiff asks for reconsideration because he disagrees with the Court's conclusion that Plaintiff failed to satisfy both Rule 23(a)(2)'s commonality requirement and Rule 23(b)(3)'s requirement that questions of law or fact predominate over questions affecting only individual members. As the Court explained:

> Plaintiff puts the proverbial cart before the horse. Plaintiff sets forth the method of proving Coca-Cola's liability without first establishing the basis for classwide liability—that Coca-Cola implemented a company-wide policy or practice in contravention to California's Labor Code. Plaintiff fails to demonstrate the existence of Coca-Cola's purported directed requiring supervisors to review either the Document Registers

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

2.

CASE NO. 3:14-CV-00984-MMA-(BGS)

or Telogis reports during driver debriefs.

*See* Order at 16:20-25. Based on its review of the evidence, the Court found that there was "an absence of proof of a company-wide directive or common policy, determining if and how supervisors at various Distribution Centers use the driver records, if at all," necessitating an individualized inquiry into the Distribution Centers' practices. *See* Order at 19:19-20. Notably, Plaintiff does not disagree with the Court's conclusion that there is no common policy and that individualized inquiries would be needed based on its review of the evidence. Instead, he contends that the Court committed clear error by requiring him to present proof of a common policy or practice.

Disagreement with the court's ruling is insufficient for Rule 59(e) relief. *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). "A motion for reconsideration may not be used to get a second bite at the apple. It is not a method by which . . . to reargue an issue." *Campion v. Old Republic Home Prot. Co.*, No. 09-cv-748-JMA (NLS), 2011 WL 1935967, *1 (S.D. Cal. May 20, 2011) (internal citations omitted). Here, Plaintiff made the same argument that he makes now in his motion for class certification and at the hearing on the motion for class certification.[2] His argument was repeated many times and was clearly not lost on the Court, since the Court's order summarized the argument before rejecting it as "misplaced":

> During oral argument, Plaintiff's counsel argued that in this
> Circuit, Plaintiff need not show a company-wide directive, or

---

[2] The Southern District of California's Local Rule governing motions for reconsideration requires that the moving party submit, among other things, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *See* S.D. Cal. Local Rule 7.1.h(i). Plaintiff's motion is supported only by the declaration of counsel attaching a copy of the transcript from the hearing on the motion for class certification, which only underscores that he seeks here to rehash old arguments. He does not identify any new or different facts or circumstances.

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

3.

CASE NO. 3:14-CV-00984-MMA-(BGS)

any common policy or practice for that matter, to satisfy the commonality under Rule 23(a)(2). Instead, Plaintiff insists that under the Ninth Circuit's decision in *Jimenez*, the existence of Coca-Cola's records alone, in particular the Kronos timekeeping records and Document Registers, is sufficient to establish commonality. Plaintiff asserts that *Jimenez* stands for the proposition that "[c]ommonality for off-the clock work is satisfied when the existence of computer systems or records show work being performed whereas the time records indicate otherwise. [¶ However, the Court finds Plaintiff's reliance misplaced. . . ."

*See* Order, 19:21-12.

Having already made his argument to the Court and the Court having rejected it, Plaintiff cannot now ask the Court to hear his argument again. "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought merely because the party disagrees with the Court's decision." *Jeld-Wen Master Welfare Benefit Plan v. Tri-City Health Care District*, No. 12cv197-GPC (RBB), 2013 WL 1882263, *11 (S.D. Cal. May 6, 2013), quoting *Collins v. D.R. Horton, Inc.*, 252 F.Supp.2d 936, 938 (D. Az. 2003); *Lucas v. Hertz Corp.*, No. C 11-01581 LB, 2012 U.S. Dist. Lexis 119937, *16 (N.D. Cal. Aug. 22, 2012) (denying motion for reconsideration in part because plaintiff "remakes arguments that the court previously rejected after giving them substantial consideration"). Because Plaintiff seeks to do nothing more than rehash old arguments, the motion must be denied.

### III. PLAINTIFF'S ARGUMENT REGARDING *JIMENEZ V. ALLSTATE INS. CO.* IS WRONG

Plaintiff claims "clear error" warranting reconsideration because the Court did not agree with his view of *Jimenez v. Allstate Insurance Co.*, 765 F.3d 1161, 1166 (9th Cir. 2014), cert. denied 135 S.Ct. 1834 (2015). According to Plaintiff,

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

4.

CASE NO. 3:14-CV-00984-MMA-(BGS)

1  *Jimenez* says that a plaintiff need not prove any common policy to obtain certification
2  of an off-the-clock claim if the defendant has time records and some other type of
3  records showing time stamps.  In that situation, Plaintiff asserts that a class should be
4  certified and the parties should proceed to a merits determination whereby a
5  comparison of the records will demonstrate whether off-the-clock word did in fact
6  occur.

7  Plaintiff's motion fails not only for the procedural reasons set forth
8  above, but it also fails because Plaintiff is simply wrong given a plain reading of the
9  district court's order and the Ninth Circuit opinion in that case. The district court in
10 *Jimenez* found that there was sufficient evidence to certify a class with respect to the
11 overtime claim because the plaintiff claims adjusters had presented sufficient evidence
12 of a policy to not pay overtime.  They presented evidence that the employer had
13 reclassified the claims adjusters from salaried non-exempt to exempt while keeping
14 their workload the same, that the employer expected them to continue working more
15 than 40 hours per week even after the reclassification, that the employer did not
16 require them to start recording their time worked after they were reclassified, and that
17 the employer required that the claims adjusters' managers, who had to adhere to a
18 labor budget, approve overtime.[3]  *Jimenez v. Allstate Ins. Co.*, No. 10-08486 JAK,
19 2012 WL 1366052 (C.D. Cal. Apr. 18, 2012), *aff'd* (Sept. 3, 2014).

20 On appeal, the Ninth Circuit found that the district court had not abused
21 its discretion in certifying the overtime class because the plaintiff had presented
22 sufficient evidence of a common policy of discouraging overtime. *Jimenez*, 765 F.3d
23 at 1161 and 1164 n.2.  Thus, Plaintiff's contention that *Jimenez* says that he does not
24 have to present evidence of any common policy or practice is simply incorrect.
25 ///
26

---

27 [3] The *Jimenez* court also denied certification of the alleged meal and rest break class
28 because, it found, the plaintiff had not identified any common policy or practice. *Jimenez*, 2012 WL 1366052, at *15.

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

5.

CASE NO. 3:14-CV-00984-MMA-(BGS)

## IV. *FRLEKIN V. APPLE, INC.* IS NOT AN INTERVENING CHANGE IN CONTROLLING LAW

As Plaintiff notes in his motion, a post-judgment motion for reconsideration may be sought "if there is an intervening change in controlling law." *See* Pltf.'s Motion, 1:25-28. Plaintiff points to the recently issued unpublished district court order in *Frlekin v. Apple, Inc.* as a case which "substantiates that the Court clearly erred in denying Plaintiff's motion for class certification." *See* Pltf.'s Motion, 4:19-20. Setting aside the fact that the order denying class certification is not a final judgment, the *Frelkin* order does not provide a basis for reconsideration because it does not represent an intervening change in controlling law.

The *Frelkin* order is not "intervening" since it was published prior to the hearing on Plaintiff's motion for certification. Plaintiff acknowledges that fact. *See* Pltf.'s Motion, 4:15-20.

Neither does the *Frlekin* order represent any change in law. In fact, Plaintiff seems to argue that *Frlekin* supports his view of *Jimenez*, although it's not clear how the two cases are related. As Defendants understand the *Frlekin* court order, it undermines rather than supports Plaintiff's contention that he carried no burden to affirmatively show the existence of a policy or practice of off the clock work. In fact, his own discussion of the case and the block quote he takes from the case and places in his moving papers states that "plaintiffs have submitted substantial evidence that Apple had a state-wide written policy, which will serve as a common method of proof for all California stores." *See* Pltf.'s Motion, 5:9-11. Thus, the *Frlekin* case (1) does not support Plaintiff's contention that he may prove commonality based on a comparison of individual drivers documents alone; (2) contradicts his argument that Ninth Circuit law does not require that he affirmatively show the existence of a common policy or practice; and (3) is distinguishable for the fact that the plaintiff in that case *did* satisfy his burden to the court's satisfaction whereas Plaintiff here did not.

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

6.

CASE NO. 3:14-CV-00984-MMA-(BGS)

Finally, the *Frlekin* order is not controlling law. Rather, it is an unpublished district court interlocutory order from the Northern District of California. District courts are not bound by other district courts' decisions even within their own district. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) ("[T]he rule could just as easily operate so that the first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges, but it does not"). The unpublished opinion of the district court in the *Frlekin* case is not controlling and cannot be the basis for reconsideration under Rule 59(e).

## V. CONCLUSION

For the reasons set forth above, Defendants request that the Court order that Plaintiff's motion for reconsideration is denied.

Dated: August 24, 2015

*(s) Lena K. Sims*
LENA K. SIMS
LITTLER MENDELSON, P.C.
Attorneys for Defendants
BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, THE COCA-COLA COMPANY, and COCA-COLA REFRESHMENTS USA, INC.

Firmwide:135224963.1 074184.1073

LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
615.383.3033

DEFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS OPPOSITION TO PLTF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION

7.

CASE NO. 3:14-CV-00984-MMA-(BGS)

KILBOURNE V. BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, ET AL.
USDC-CASE NO.: 3:14-cv-00984-MMA-(BGS)

## DECLARATION OF SERVICE

I, ROSA DYER, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 501 West Broadway, Suite 900, San Diego, California 92101.

On **August 24, 2015**, I served the following document(s):

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER DENYING CLASS CERTIFICATION**

on the parties in this action addressed as follows:

| | |
|---|---|
| William Turley, Esq.<br>Ray Padilla, Esq.<br>The Turley Law Firm<br>7428 Trade Street<br>San Diego, CA 92121<br>Telephone: 619.234.2833<br>Facsimile: 619.234.4048<br><br>Attorneys for Plaintiff<br>*GARY KILBOURNE* | Debra L. Hurst, Esq.<br>Kyle Van Dyke, Esq.<br>Julie Corbo Ridley, Esq.<br>Hurst & Hurst<br>701 "B" Street, Suite 1700<br>San Diego, CA 92101<br>Telephone: 619. 236.0016<br>Facsimile: 619. 236.8569<br><br>Attorneys for Plaintiff<br>*GARY KILBOURNE* |

**VIA CM/ECF ELECTRONIC FILING SYSTEM:** I transmitted via the Internet a true copy(s) of the above-entitled document(s) to the CM/ECF system of the United States District Court for the Southern District of California and concurrently caused the above-entitled documents(s) to be sent to the recipients listed above pursuant to the Service List maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **August 24, 2015**, at San Diego, California.

Rosa Dyer

Firmwide:135346009.1 074184.1073

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. BROADWAY
SUITE 900
SAN DIEGO, CA 92101.3577
619.232.0441